
IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARY STRONG,

    Plaintiff,

v.

FEDERAL HOME LOAN MORTGAGE CORP. et al.,

    Defendants.

Case No. 6:16-cv-01498-MC (Lead Case)
Case No. 6:16-cv-01499-MC (Trailing Case)

ORDER

**MCSHANE, Judge:**

Plaintiff, proceeding *pro se*, has submitted a motion for a temporary restraining order and preliminary injunction styled as an "Application" for the same. ECF No. 2. Plaintiff's claims in this case arise out of a $182,000 mortgage loan she secured in 2005 for her "principal residence," located at 2559 NW Monterey Pines Drive in Bend, Oregon, 97701.[1]

## PREVIOUS LITIGATION

Plaintiff's claims are nearly identical actions to those of Civ. Nos. 6:15-cv-1536 and 6:15-cv-1966, 6:16-cv-233, and 6:16-cv-331. In those cases, Plaintiff's claims arose out of a different principle residence, located at 65510 Old Bend Redmond Highway in Bend, Oregon,

---

[1] I note that in Plaintiff's complaint in the Member Case, she apparently uses a form filing and has failed to populate the "(Subject Property)" field of that form. This is similar to errors in other form filings used in previous cases, such as that found in one of Plaintiff's previous applications for the same relief for which she now applies here. Civ. No. 6:15-cv-1966-MC, ECF No. 3 at 3. After listing the address of the separate property at issue in that case, the error in that form filing read as follows: "the real property . . . which is more specifically described as [legal description of real property]." *Id.*

1 – OPINION AND ORDER

97701. Plaintiff secured a $364,000 refinance loan for that property and subsequently defaulted on that loan. ECF No. 9-1. After hearing oral argument and carefully considering Plaintiff's various contentions in her first two cases, this Court dismissed Plaintiff's federal claims brought under the Truth in Lending Act and the Real Estate Settlement Procedures Act for failure to state a claim and, due to various defects in Plaintiff's other claims in that case, this Court declined to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. *See* 6:16-cv-1536 at ECF No. 41. Plaintiff appealed that dismissal to the Ninth Circuit Court of Appeals. *Id.* at ECF No. 47.

Now Plaintiff has redirected her claims at other entities regarding a different property and a different mortgage. This Court has consolidated the cases *sua sponte* based on common issues of law and fact and in order to avoid additional unnecessary cost and delay under Federal Rule of Civil Procedure ("FRCP") 42(a). *See* ECF No. 8.

As she has done in her prior actions, Plaintiff has applied, in the Member Case, for a temporary restraining order, preliminary injunction, and declaratory relief. Member Case, ECF No. 3. I note that this is the identical form application used in those cases.

A party seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). The mere possibility of irreparable harm is not enough. Rather, the plaintiff must establish such harm is likely. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The standards for issuing a temporary restraining order are similar to those required for a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). The

court's decision on a motion for a preliminary injunction is not a ruling on the merits. *See Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

Because Plaintiff does not demonstrate the likelihood of success on the merits of her claims, her Application, ECF No. 3, is DENIED. This conclusion is not a ruling on the merits of Plaintiff's claims. *Sierra On-Line, Inc.*, 739 F.2d at 1422.

IT IS SO ORDERED.

Dated this \_\_11\_\_ day of August, 2016.

                                                Michael J. McShane
                                            United States District Judge