IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARY P. STRONG

        Plaintiff,

v.

LEHMAN BROTHERS BANK, FSB, BAC HOME LOANS SERVICING LP, AND NATIONSTAR MORTGAGE LC; FEDERAL HOME LOAN MORTGAGE CORPORATION AS TRUSTEE FOR SECURITIZED TRUST FREDDIE MAC MULTICLASS CERTIFICATES, SERIES 2998; FEDDIE MAC; AURORA COMMERICAL CORP.; ELECTRONIC REGISTRATION SYSTEM, AKA "MERS" AND DOES 1 THROUGH 100, INCLUSIVE,

        Defendants.

_____

**Case No. 6:16-cv-01498-MC (Lead Case)**
Case No. 6:16-cv-01499-MC (Trailing Case)

**OPINION AND ORDER**

**MCSHANE, Judge:**

Defendants', Federal Home Loan Mortgage Corporation as Trustee for Securitized Trust Freddie Mac Multiclass Certificates, Series 2998 and Federal Home Loan Mortgage Corporation, Motion to Dismiss (ECF. No. 22) is GRANTED.

Defendant, Bank of America, N.A.'s, Motion to Dismiss (ECF No. 33) and Request for Judicial Notice (ECF No. 35) are GRANTED.

**STANDARD**

Defendants have moved for dismissal of all claims under Fed. R. Civ. P. 12(b)(6), "failure to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient facts that "state claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . [and cross the] line between possibility and plausibility of entitlement to relief." *Id*. at 1965-66. A claim is plausible on its face when the supporting factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

The factual allegations in a complaint must present more than "the mere possibility of misconduct." *Id.* at 678. In the case of *pro se* litigants a court reviews the pleadings with a less stringent standard than those drafted by lawyers; the court views the complaint liberally but will not supplant vague and conclusory allegations. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014).

**DISCUSSION**

**I. Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)**

Plaintiff's claims arise out of a mortgage loan. Plaintiff is the borrower under a promissory note ("Note") dated June 28, 2005, secured by a Deed of Trust encumbering real property commonly known as 2559 NW Monterrey Pines Drive, Bend, OR 97701 ("Subject Property"). Compl. at 6, Ex. 1. Plaintiff alleges that the loan was subsequently securitized and transferred, and that such securitization and transfer was not done properly or otherwise legal. Compl. at 7. On that basis, Plaintiff alleges that none of the named defendants "hold a perfect and secured claim in the Subject Property; and that all Defendants are estopped and precluded

from asserting an unsecured claim against Plaintiff's estate." Compl. at 11. There is no allegation that the Subject Property is under foreclosure or that foreclosure has been completed.

Plaintiff asserts eight (8) causes of action: (1) Lack of Standing/Wrongful Foreclosure; (2) Fraud in the Concealment; (3) Fraud in the Inducement; (4) Intentional Infliction of Emotional Distress; (5) Slander of Title; (6) Quiet Title; (7) Declaratory relief; and (8) Rescission.

Plaintiff's Complaint relies solely on a theory that has been rejected by the Ninth Circuit. *See Cervantes v. Countrywide Home Loans*, 656 F.3d 1034, 1044 (9th Cir. 2011); *See also Chruszch v. Bayview Loan Serviceing et al.*, 2015 WL 6756139, *3 (September 4, 2015). The securitization of a loan does not prevent or prohibit a holder of the Note from foreclosing on the Subject Property. Because Plaintiff's eight claims rely on a legally insufficient theory, her Complaint is dismissed with prejudice:

(1) Because securitization does not destroy a right to foreclose, there is not a claim for wrongful foreclosure, slander of title, or quiet title. (2) Because falsity cannot be demonstrated where legal rights say otherwise, fraud cannot be alleged. (3) Because foreclosure under a Deed of Trust is not conduct outside the bounds of socially tolerable conduct, there is no basis for a claim for intentional infliction of emotion distress. (4) Seeking declaratory judgment to redress a past foreclosure, not prospective wrongdoing, fails to state an independent claim. *Flores v. EMC Mortgage Co.*, 997 F. Supp. 2d 1088, 1111-12 (E.D. Cal. 2014). (5) Rescission fails due to the expiration of the statute of limitations. A borrower's right to rescind expires three years after the date of the consummation of the transaction or upon sale of the property, whichever occurs first. 15 U.S.C. § 1635(f). Plaintiff obtained the loan at issue on June 28, 2005. Compl. Ex. 1.

## II. Bank of America, N.A.

Bank of America, N.A. ("BANA") request the Court to take judicial notice of a voluntary lien search of land records for the property located at 2559 NW Monterrey Pines Drive, Bend, Oregon 97701 in the Deschutes County Recorder's Office from the year 2004 to July 7, 2016. ECP No. 35, Ex. 1. This Court takes judicial notice under FRE 201 of the voluntary lien search.

A court is allowed to take judicial notice of "matters of public record," under Rule 201 of the Federal Rules of Evidence at any stage of the proceeding, to include a motion to dismiss. *Lee v. County of Los Angeles*, 240 F.3d 754, 774 (9th Cir. 2001). Facts contained in public records are considered appropriate subjects for judicial notice. *Santa Monica Food not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 (9th Cir. 2006).

The voluntary lien search demonstrates BANA was never plaintiff's lender, never the beneficiary under the Deed of Trust, never her servicer, and never the owner or investor of her Loan. Nothing in Plaintiff's Complaint allege how BANA relate to the Loan or Subject Property. Plaintiff fails to allege any claim against BANA. The Complaint as against BANA is dismissed with prejudice.

IT IS SO ORDERED.

Dated this 17th day of October, 2016.

_____
Michael McShane
United States District Judge