IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MARY P. STRONG<br><br>    Plaintiff,<br><br>v.<br><br>LEHMAN BROTHERS BANK, FSB, BAC HOME LOANS SERVICING LP, AND NATIONSTAR MORTGAGE LC; FEDERAL HOME LOAN MORTGAGE CORPORATION AS TRUSTEE FOR SECURITIZED TRUST FREDDIE MAC MULTICLASS CERTIFICATES, SERIES 2998; FEDDIE MAC; AURORA COMMERICAL CORP.; ELECTRONIC REGISTRATION SYSTEM, AKA "MERS" AND DOES 1 THROUGH 100, INCLUSIVE,<br><br>    Defendants. | **Case No. 6:16-cv-01498-MC (Lead Case)**<br>Case No. 6:16-cv-01499-MC (Trailing Case)<br><br>OPINION AND ORDER |

**MCSHANE, Judge:**

Before this court are Defendants Lehman's Brothers Bank, FSB; Nationstar Mortgage LLC; Aurora Commercial Corp.; and Mortgage Electronic Registration Systems, Inc.'s ("Defendants") Motion to Dismiss Plaintiff's Complaint (Dkt. 60); Defendants' two Requests for Judicial Notice In Support of their motion to dismiss (Dkts. 59 & 61; "RJN"); and Plaintiff Mary Strong's Motion for Rescission, Quiet Title and Declaratory Relief (Dkt. 65).

1 – OPINION AND ORDER

For the reasons stated below, Defendants' Requests for Judicial Notice (Dkts. 59 & 61) are GRANTED. Because a holder of a note has standing to seek judicial foreclose upon the occurrence of default, Plaintiff fails to allege facts sufficient to state a claim of relief. Defendants' Motion to Dismiss (Dkt.60) is GRANTED. This case is DISMISSED with prejudice. All other outstanding motions (Dkts. 52, 65, 69) are DENIED as moot.

## BACKGROUND

Plaintiff is the borrower under a Note dated June 29, 2005, which was secured by a Deed of Trust, for the property located at 2559 NW Monterrey Pines Drive, Bend, Oregon 97701 (the "Property"). Complaint, p.6 (Dkt. 1, p. 9, Notice of Removal); RJN, Ex. A. The Deed of Trust, which was recorded in the Deschutes County Official Records as Document No. 2005-42362, identified Plaintiff as the "Borrower"; Lehman as the "Lender"; and MERS as beneficiary "acting solely as a nominee for Lender and Lender's successors and assigns." Dkt. 1, pp. 50-64; RJN, Ex. B.

On January 24, 2011, MERS (acting as nominee) assigned the Deed of Trust to Aurora Loan Services, LLC. This assignment was recorded in the Deschutes County Official Records as Document No. 2011-05453. RJN, Ex. C. Thereafter, the Deed of Trust was assigned from Aurora Loan Services LLC to Nationstar, and this assignment was recorded in the Deschutes County Official Records on April 20, 2015, as Document No. 2015-013910. RJN, Ex. D.

Plaintiff filed her initial lawsuit in Deschutes County Circuit Court, which was then removed to this Court as Case Number 16-cv-001498. Plaintiff then filed a separate lawsuit in the U.S. District of Oregon as case number 16-cv-01499. This Court consolidated the cases on its own motion. Dkt. 8. Plaintiff asserted eight claims for relief: (1) Lack of Standing/Wrongful Foreclosure; (2) Fraud in the Concealment; (3) Fraud in the Inducement; (4) Intentional

Infliction of Emotional Distress; (5) Slander of Title; (6) Quiet Title; (7) Declaratory relief; and (8) Rescission under TILA.

Defendants filed motions to dismiss (Dkts. 22 & 33) and a Request for Judicial Notice (Dkt. 35). Court granted the two motions and request for judicial notice, and dismissed Plaintiff's suit on October 17, 2016. Dkt. 37. This court found that because securitization does not destroy a right to foreclose, the plaintiff's claims for wrongful foreclosure, slander of title, and quiet title relied on an insufficient legal theory. *Id*. Plaintiff appealed.

The Ninth Circuit Court of Appeals affirmed dismissal of Plaintiff's claims for rescission under TILA, Intentional Infliction of Emotional Distress, Fraud in the Concealment, and Fraud in the Inducement. The Ninth Circuit Court of Appeals reversed the Court's dismissal of Plaintiff's claims for "Lack of Standing to Foreclose," Quiet Title, Slander of Title, and related Declaratory Relief, and remanded for further consideration of the Oregon Supreme Court's opinion in *Brandrup v. ReconTrust Co., N.A.*, 353 Or. 688, 303 P.3d 301, 304, 309-12 (Or. 2013). The remand noted specifically that the district court "did not expressly consider plaintiff's allegation that Mortgage Electronic registration Systems, Inc. (MERS") could not act on its own authority as the beneficiary under the deed of trust." (internal citations omitted). Dkt. 46-1. On October 25, 2017, the Court ordered briefing to respond to the query presented by the Ninth Circuit Court of Appeals in its remand

**STANDARD OF REVIEW**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct.

*Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant, *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000), but the court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

### A. Request for judicial notice

As a preliminary matter, Defendants request, pursuant to rule 201(b)(2) of the Federal Rules of Evidence, that this Court take judicial notice of:

(1) Lis Pendens, Case No. 16CV32768, Circuit Court for the State of Oregon, County of Deschutes, recorded in the official records of Deschutes County on October 11, 2016 as instrument number 2016-041862.

Dkt. 59, Ex. A.

Defendants' also request judicial notice (Dky. 61) of the following four items:

(1) Promissory Notice dated June 28, 2005 (Ex. A);

(2) Deed of Trust dated June 28, 2005, records in the official records of Deschutes County at Document No. 2005-42362 (Ex. B);

(3) an assignment of the Deed of Trust from MERS, as nominee for Lehman Brothers Bank to Aurora Loan Services LLC dated January 24, 2011 and recorded in the Deschutes County official records as Document No. 2011-05453 (Ex. C); and

(4) October 11, 2012 assignment of deed of trust from Aurora Loan Services LLC to Nationstar Mortgage LLC recorded in the Deschutes County official records as Document No. 2015-013910 (Ex. D).

In general, material outside of the pleadings may not be considered in ruling on a motion to dismiss unless the motion is treated as one for summary judgment and the parties are "given reasonable opportunity to present all materials made pertinent to such motion by Rule 56." *Jacobson v. AEG Capital Corp.,* 50 F.3d 1493, 1496 (9th Cir. 1995).

There are several exceptions to this general rule. First, a court may take judicial notice of "matters of public record," under Federal Rule of Evidence ("FRE") 201, so long as the facts contained therein are not subject to reasonable dispute. *Lee v. City of Los Angeles,* 250 F.3d 668, 688–90 (9th Cir. 2001); *Santa Monica Food not Bombs v. City of Santa Monica,* 450 F.3d 1022, 1025 (9th Cir. 2006). Second, a court may take judicial notice of material incorporated into a complaint in order to develop its understanding of facts and inferences contained within the body of the complaint that are drawn from those incorporated materials. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *see also Branch v. Tunnell*, 14 F.3d 499, 453-54 (9th Cir. 1994) (documents that are not attached to the complaint may be incorporated by reference if the plaintiff has referred to the document in the complaint of if the documents forms the basis of the plaintiff's claims).

Third, courts may properly notice, for the purpose of jurisdictional determinations, facts that are not subject to reasonable dispute that come from sources whose accuracy cannot be reasonably questioned. *Green v. United States*, 630 F.3d 1245, 1248 (9th Cir. 2011).

Defendant's Request for Judicial Notice is well-taken with respect to Exhibit A of Dkt. 59, and Exhibits A-D of Dkt. 61, because they are either incorporated into the complaint, per *Coto*, they form the basis of Plaintiff's claims, and the Deed of Trust and its transfers are publicly recorded documents. I may therefore consider those documents for the truth of their content without converting Defendant's motion into one for summary judgment. *Coto*, 593 F.3d

at 1038 (explaining incorporation by reference in the context of documents on which a complaint necessarily relies). Defendants' Requests for Judicial Notice (Dkts. 59 & 61) are GRANTED.

**B. Claim for "Lack of standing" to foreclose**

Plaintiff's claim for "Lack of standing" argues that the presence of MERS at any stage of the chain of title on any given property should render any underlying security interest invalid, and therefore, divest the current holder of the Note the right to foreclose. Plaintiff alleges that: "Defendant MERS lacks the authority under its corporate charter to foreclose a mortgage, or to own or transfer an interest in a securitized mortgage because MERS charter limits MERS' powers and duties to functioning as an electronic registration system of certain types of securities." Compl. 15; RJN Ex. A. In addition, Plaintiff alleges that MERS "lacked authority as mere nominee [for the original lender] to assign Plaintiff's mortgage, making any assignment from MERS defective." *Id*. at 17.

While a nominal beneficiary such has MERS may typically lack standing to foreclose, a true beneficiary, here Nationstar Mortgage, LLC, does have standing to seek judicial foreclosure. *See Stanton v. BAC Home Loans Servicing, LP*, 2014 WL 1803376, at *7 (D. Or., May 6, 2014) ("While *Brandrup* did hold that MERS could not satisfy the statutory definition of a beneficiary, there is nothing in that decision to support the contention that the mere involvement of MERS in the loan will render the lien invalid."); *Lind v. Fid. Nat'l Title Ins. Co.*, No. 3:13-cv-2200-PA, 2014 U.S. Dist. LEXIS 73797, at *6 (D. Or., May 30, 2014) ("The *Brandrup* decision also discusses the role of MERS in the loan process and, while it does hold that MERS does not meet the statutory definition of a beneficiary, it does not hold that the mere involvement of MERS invalidates the loan.").

In *Nationstar Mortgage, LLC v. Peper*, defendant argued that, because MERS was

designated as the "beneficiary" in the 2005 deed of trust that was recorded in county land records, the plaintiff was not the "real party in interest" and therefore, lacked authority to foreclose on the deed of trust. 278 Or. App. 594, 596 (2016). Defendant also argues that Nationstar's status as holder of the note is irrelevant, because although that would give Nationstar the right to foreclose on a mortgage that is not true for a trust deed. *Id*. The Oregon Court of Appeals rejected both arguments finding "the fact that plaintiff is the current holder of a promissory note, indorsed in blank, gives plaintiff the right to enforce the note." *Id*. The holder of a note has the right to seek judicial foreclosure of the deed of trust that secures the note. *See Brandrup v. ReconTrust Co., N.A.*, 353 Or. 668, 687 (2013) ("The [Oregon Trust Deed Act] contemplates a unitary beneficiary status, so that the person with the right to repayment of the underlying obligation also controls the foreclosure process."); *Deutsche Bank Trust Co. Americas v. Walmsley*, 277 Or.App.690, 695–97 (2016) (the holder of a promissory note secured by a deed of trust has standing both to enforce the note and to foreclose on the property).

Here, while MERS may not meet the definition of a beneficiary under *Brandrup*, the current holder of the Note, Nationstar Mortgage, LLC, still retains the ability to foreclose upon the occurrence of an event of default, regardless of whether MERS appears in the original Deed of Trust or subsequent assignments of the Deed. Indeed, MERS was not involved in any of the foreclosure related activities with respect to the Property. Because MERS was not involved in any of the foreclosure related activities on the Property, there is no justiciable controversy where MERS is concerned. *See Campbell v. Carrington Mortg. Servs. LLC*, No. 2:16-cv-02011-MC, 2017 U.S. Dist. LEXIS 4060, at *4-5 (D. Or. Jan. 11, 2017).

Additionally, Plaintiff lacks standing to challenge any MERS assignment of the Deed Trust to which she was not a party. Because Plaintiff was never a party to any of the prior

assignments of the Deed of Trust (*see* RJN, Exs. C &D), Plaintiff does not have standing to challenge the transfers. *See Huang v. Claussen*, 147 Or. App. 330, 335 (1997) (holding a nonparty to a contract has not standing to challenge the validity of the agreement unless he can make a showing that he was an intended beneficiary of the agreement). The terms of the Deed of Trust provides that the "note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." RJN, Ex. B. *See Chruszch v. Bayview Loan Servicing, LLC*, 2015 U.S. Dist. LEXIS 149614, *9, 2015 WL 6756130 (D. Or., Nov. 4, 2015) ("There is nothing unlawful about securitizing a loan—securitization is just another method of selling a loan.")

### i. Slander of Title

Plaintiff claims that Defendants disparaged her title to the Property by recording documents including the Notice of Default and Notice of Trustee's Sale. Compl. 19; RJN Ex. A. Plaintiff's claim fails because it is asserted on Plaintiff's incorrect premise that Defendants had no right, title, or interest in the Property, and that Defendant knew or should have known as much.

Additionally, there is a one-year statute of limitations on slander of title. ORS 12.120(2); *Diamond v. Huffman*, 64 Or. App. 330, 333-34 (1983). The claim was not filed within the one year statute of limitations. The latest Deed of Trust assignment Plaintiff complains of was recorded on April 20, 2015. RJN, Ex. D. This lawsuit was filed more than one-year later on June 23, 2016. Dkt. 1. Plaintiff's slander of title claim is untimely.

### ii. Quiet Title

Plaintiff's claim for quiet title is premised on the claim that Defendants lacked standing to foreclose. Because there is not a valid "lack of standing" claim, the claim for quiet title also

fails. Plaintiff cannot prove that she has a superior title to that of the defendants, nor has she adequately alleged the dispositive elements for a claim for quiet title.

### iii. Declaratory Relief

Plaintiff's claim for declaratory relief is derivative of Plaintiff's "lack of standing" claim. Because the underlying claim is invalid, so is Plaintiff's derived claim for declaratory relief.

## C. Personal jurisdiction

Defendants raise for the first time the argument that the court lacks personal jurisdiction over defendants because they were never properly served. Def.'s Mot. 4-6, Dkt. 60.

A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P. 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) citing *Jackson v. Hayakawa,* 682 F.2d 1344, 1347 (9th Cir.1982). However, "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Id.* citing *United Food & Commercial Workers Union v. Alpha Beta Co.,* 736 F.2d 1371, 1382 (9th Cir.1984). Nonetheless, without substantial compliance with Rule 4 "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Id*. citing Benny *v. Pipes,* 799 F.2d 489, 492 (9th Cir.1986), *cert. denied,* 484 U.S. 870, 108 S.Ct. 198, 98 L.Ed.2d 149 (1987).

The record does not clearly demonstrate that defendants received proper service under Rule 4. However, Defendants removed this matter to this Court from state court and filed an initial Motion to Dismiss that did not include a defense of insufficient service pursuant to Fed. R. Civ. P. 12(b)(5). Defendants' initial Motion to dismiss was granted and subsequently appealed. The Ninth Circuit affirmed in part and remanded in part. This Court, therefore, concludes that Defendants have waived any defense of insufficient service. *See* Fed. R. Civ. P. 12(g)(2)

("Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."). *See also* Fed. R. Civ. P. 12(h)(1)("A party waives any defense listed in Rule 12(b)(2)-(5) by: (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or (B) failing to either: (I) make it by motion under this rule; or (ii) include it in a responsive pleading."); *see also Knight v. F.B.I.*, No. 3:13-CV-01212-BR, 2013 WL 6055242, at *2 (D. Or. Nov. 13, 2013) (Defendant was found to have waived the defense of insufficient service and lack of personal jurisdiction by failing to raise the defense in its initial Rule 12(b) motion to dismiss).

## CONCLUSION

For the reasons stated above, Defendants' Requests for Judicial Notice (Dkts. 59 & 61) are GRANTED; Defendants' Motion to Dismiss (Dkt.60) is GRANTED, and this case is DISMISSED with prejudice. All other outstanding motions (Dkts. 52, 65, 69) are DENIED as moot.

IT IS SO ORDERED.

Dated this 2nd day of February, 2018.

                                                      _s/Michael J. McShane_
                                                         Michael McShane
                                          United States District Judge